O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| A.A.,  a minor, by and through his Guardian Ad Litem, CATHERINE ABARCA, | ) ) ) | Case No. CV 15-06009 DDP (MRWx) |
| Plaintiff, | ) ) ) | **ORDER DENYING PLAINTIFF'S MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD** |
| v. | ) ) | |
| GOLETA UNIFIED SCHOOL DISTRICT, a local Education Agency, | ) ) ) ) | |
| Defendants. | ) ) ) | |
| _____ | ) | |

Presently before the court is Plaintiff A.A.'s (Plaintiff) Motion to Supplement the Administrative Record. Plaintiff appeals from a decision in an Individuals with Disabilities Education Act (IDEA) due process hearing held in the California Office of Administrative Hearings (OAH).  Having considered the parties' submissions and heard oral argument, the court denies the motion and adopts the following Order.

**I. Background**

This case stems from Defendant Goleta Unified School District ("the District")'s refusal to fund an independent educational

1  evaluation (IEE) of Plaintiff by an evaluator of Plaintiff's
2  choosing.  (Mot. at 1).  Although the District agreed to fund an
3  IEE, funding was conditioned on Plaintiff's chosen IEE evaluator
4  meeting the District's Special Education Local Plan Area (SELPA)
5  "cost criteria."  (Declaration of Catherine Abarca at 2.)  The
6  District rejected Plaintiff's choice of IEE evaluator, finding that
7  the evaluator's rates were too high.  (Opp. at 2.)  Plaintiff,
8  through his guardian, then proceeded to pay the IEE evaluator's fee
9  himself.  (Decl. Abarca at 2.)  The District then filed a due
10 process complaint to determine whether Plaintiff was entitled to an
11 independent IEE evaluator who did not meet the District's cost
12 criteria.  In response, Plaintiff filed a due process complaint
13 against the District to determine whether the District denied him a
14 free and appropriate public education (FAPE) by refusing to pay for
15 the IEE.  (Decl. Abarca at 2.)  These two complaints were then
16 consolidated by the OAH.

17     A. Mediation and Settlement Discussions
18     On January 6, 2015, the parties attempted mediation.
19 (Declaration of Tania Whiteleather at 1-2.)  Mediation was not
20 successful, and the mediator indicated that "no agreement was
21 reached."  (Decl. Whiteleather, Ex. 1 at 1, 4.)  On February 23,
22 2015, the District sent Plaintiff a ten-day settlement offer.[1]
23 (Decl. Melissa Hatch at ¶ 2.)  Plaintiff responded to the
24 settlement letter with proposed changes and a counter to the
25 District's offer for Plaintiff's attorney fees.  (Id. at ¶ 5; Decl.
26 Whiteleather at 2.)  After several exchanges between the parties,
27
28
   _____

   [1] See 20 U.S.C. § 1415 (i)(3)(D)(i).

   2

1  the District sent a revised proposed offer to Plaintiff on March 2,
2  2016.  (Decl. Whiteleather at 2.)  The parties could not reach an
3  agreement, however, on the amount of attorney's fees.  Defendant's
4  counsel stated that if Plaintiff would not accept Defendant's fee
5  offer, "then making changes to the agreement seems a waste of our
6  respective effort."  (Decl. Whiteleather, Ex. 2 at 1.)  Plaintiff's
7  counsel responded, "I agree; I will prepare for hearing.  It is too
8  bad."  (<u>Id.</u>))

9      On March 8, 2015, one day before the OAH Hearing, Plaintiff
10  contacted the District's attorney and informed her that the
11  settlement was accepted.  (Decl. Whiteleather Ex. 3 at 1.)  The
12  District then informed Plaintiff that the offer had expired when it
13  was rejected on March 2, and that the district intended on moving
14  forward with the OAH Hearing the next day.  (<u>Id.</u>)  During the OAH
15  Hearing, Plaintiff attempted to include the settlement negotiations
16  into the record.  (AR at 894-98).  The administrative law judge
17  refused to include references to the settlement negotiations or to
18  the March 8 exchange, finding that they were irrelevant to the
19  issues at hand.  (AR at 896).  Plaintiff now moves to supplement
20  the record to include the post-mediation settlement discussions.

21  **II. Legal Standard**

22      On review of an administrative decision in an IDEA case, the
23  district court "shall hear additional evidence at the request of a
24  party." <u>E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin.</u>
25  <u>Hearings</u>, 652 F.3d 999, 1004 (9th Cir. 2011); 20 U.S.C. §
26  1415(i)(2)(C)(ii).  The Ninth Circuit has held that "additional" in
27  the context of the statute means "supplemental." <u>Ojai Unified Sch.</u>
28  <u>Dist. v. Jackson</u>, 4 F.3d 1467, 1472-73 (9th Cir. 1993) (citing

3

1   <u>Perrin v. United States</u>, 444 U.S. 37, 42 (1993)).  Reasons to

2   supplement the record may include "gaps in the administrative

3   transcript owing to mechanical failure, unavailability of a

4   witness, improper exclusion of evidence by the administrative

5   agency, and evidence concerning relevant events occurring

6   subsequent to the administrative hearing."  <u>Id.</u>  "The party seeking

7   to supplement the administrative record bears the 'threshold burden

8   of demonstrating, at the time of the request, that the supplemental

9   evidence should be admitted.'"  <u>D.A. v. Fairfield-Suisun Unified</u>

10  <u>Sch. Dist.</u>, No. 2:11-CV-01174-GEB, 2012 WL 3885468, at *1 (E.D.

11  Cal. Sept. 6, 2012) (citing <u>Brandon H. ex rel. Richard H. v.</u>

12  <u>Kennewick Sch. Dist. No. 17</u>, 82 F. Supp. 2d 1174, 1179 (E.D. Wash.

13  2000).

14      A district court is not, however, required to include all

15  evidence proffered by the parties.  <u>See Ojai Unified Sch. Dist. v.</u>

16  <u>Jackson</u>, 4 F.3d at 1973.  Rather, what constitutes "additional

17  evidence" is left to the discretion of the trial court.  <u>Id.</u>  In

18  considering the question, courts "must be careful not to allow such

19  evidence to change the character of the hearing from one of review

20  to a trial de novo."  <u>Id.</u>  A district court "must exercise

21  particularized discretion in its rulings so that it will consider

22  [only] evidence [that is] relevant, non-cumulative and useful."

23  <u>E.M. v. Pajaro Valley Unified Sch. Dist.</u>, 652 F.3d at 1005 (9th

24  Cir. 2011) (internal quotation and citation omitted).

25  **III. Discussion**

26      In this case, Plaintiff seeks to include evidence of settlement

27  negotiations that occurred after mediation and prior to the OAH

28  Hearing.  (Mot. at 3,8.)  Plaintiff argues that the evidence should

4

1   be included in the record because much of the District's reason for

2   denying the IEE evaluator hinges on the evaluator's high rates.

3   (Id. at 3.)   Plaintiff further argues that if the District accepted

4   the settlement, both parties could have avoided costly and time-

5   consuming litigation.   (Id.)   Plaintiff takes the District's

6   refusal to accept the settlement as being inconsistent with the

7   assertion that the IEE evaluator's rates are too high.   (Id.)   In

8   response, the District argues that its reasoning behind choosing to

9   proceed to the OAH Hearing is irrelevant to the issues currently

10  being litigated.   (Def.'s Opp'n. at 10.)

11      It appears to the court that the proffered evidence is

12  potentially germane to a possible future dispute over attorney's

13  fees.   Plaintiff is concerned that, should he prevail and seek

14  payment of his reasonable attorney's fees, Defendant will seek to

15  reduce those fees pursuant to 20 U.S.C. § 1415(i)(3)(F) by arguing

16  that Plaintiff "unreasonably protracted the final resolution of the

17  controversy" by refusing to accept Defendant's settlement offer.

18  20 U.S.C. § 1415(i)(3)(F)(i); (Reply at 2-3).   Plaintiff seeks so

19  supplement the record so as to allow him to respond that he

20  accepted, or attempted to accept, Defendant's 10-day offer, and

21  therefore did not unreasonably draw out this proceeding.

22      Exercising, as it must, particularized discretion to ensure

23  that it only hears relevant and useful evidence, the court finds

24  that the settlement negotiations should not be included in the

25  record. Plaintiff seeks to include the evidence to show that he

26  attempted to resolve this dispute on March 8.  By any objective

27  reading, however, Plaintiff rejected the District's offer on March

28  2.  The court will assume, for the sake of argument, that the

1  District's message indicating that it would accept Plaintiff's
2  substantive changes but not his attorney's fees demand constituted
3  a 10-day offer.  The District essentially said that Plaintiff could
4  take the offer or leave it when counsel stated that, if Plaintiff
5  would not accept the fee proposal, "then making changes to the
6  agreement seems a waste of our respective effort."  (Decl.
7  Whiteleather, Ex. 2 at 1.)  Plaintiff's counsel's response, "I
8  agree; I will prepare for hearing.  It is too bad," was a rejection
9  of that offer.  (Id.))

10       Plaintiff's motion appears to acknowledge as much, stating,
11  "[W]hile Plaintiff at first rejected th[e] offer, he accepted it
12  the day before the hearing."  (Mot. at 8:11-12.)  At argument and
13  in his Reply, Plaintiff takes a different position, contending that
14  a 10-day offer must stay open until the administrative hearing, and
15  cannot, as a matter of law, be rejected by a plaintiff.[2]  The only
16  authority or analogy Plaintiff cites, and that the Court has
17  located, for this proposition is Garayalde-Rijos v. Municipality of
18  Carolina, 799 F.3d 45 (1st Cir. 2015).  There, the First Circuit
19  held that a Rule 68 offer of judgment cannot be revoked within the
20  fourteen day period established by the rule.  Garayalde-Rijos, 799
21  F.3d at 765.  Because Rule 68 "does not even contemplate a
22  counteroffer or an affirmative rejection," the court concluded that
23  "even an express rejection does not terminate a Rule 68 offeree's
24  power to accept the offer within a fourteen-day period."  Id. at
25  47, 48.  The court supported its reasoning with citations to the

26  _____

27       [2] Plaintiff raises this argument in the context of asserting,
   notwithstanding his position as stated in his opening memorandum,
28  that he did not clearly reject the District's offer on March 2.
   (Reply at 6.)

District of Columbia Circuit's decision in <u>Richardson V. Nat'l R.R.</u>
<u>Passenger Corp.</u>, 49 F.3d 760 (D.C. Cir. 1995) and the "few federal
courts" and commentators that have discussed this issue, and which
have "treated Rule 68 offers as at least irrevocable during the 14-
day period." <u>Id.</u> at 47 (quoting <u>Richardson</u>, 49 F.3d at 764).

This court respectfully declines to follow the <u>Garayalde-Rijos</u>
court's approach. As explained by that court, and the authorities
upon which the court relied, allowing the revocation or withdrawal
of a Rule 68 offer, or the ten-day offer at issue here, would tilt
the balance of settlement power too far in an offeror's favor and
frustrate the rule's purpose of encouraging the settlement of
private disputes. <u>See id.</u> at 47. None of the authorities cited by
the <u>Garayalde-Rios</u> court, however, appear to have extended that
principle so far as to suggest that a Rule 68 offer cannot be
rejected. In this Court's view, to allow an offeree to expressly,
or even repeatedly, reject an offer, and thus induce the opposing
party to continue to prepare for hearing or trial, but then accept
that very same offer on the eve of trial would disturb Rule 68's
balance as least as much as allowing an offeror to withdraw a
proposal, and would similarly vitiate the rule.

Having so concluded, this Court finds that the evidence
proffered by Plaintiff is not relevant. Plaintiff rejected the
District's offer on March 2, and his subsequent efforts to revive
the deal do nothing to alter that fact.

**III. Conclusion**

For the reasons stated above, Plaintiff's Motion to Supplement the Record is DENIED.[3]


IT IS SO ORDERED.

Dated: August 2, 2016

                                        DEAN D. PREGERSON
                                        United States District Judge

---

[3] Having denied Plaintiff's motion on relevancy grounds, the court need not address Defendant's arguments regarding confidentiality.

8